RECEIVED
IN LAKE CHARLES, LA.

JUL 24 2014

TONY R. MOORE, CLERK
BY_____  DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LEONARD LEWIS | * | CIVIL ACTION NO. 2:14-CV-809 |
| Plaintiff | * | JUDGE MINALDI |
| V. | * | MAGISTRATE JUDGE KAY |
| WARDEN LOUISIANA STATE PENITENTIARY | * | SECTION P |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM RULING

Before the court is what may most properly be construed as a Voluntary Motion to Dismiss [Doc. 9], filed by the plaintiff, seeking to dismiss the Complaint [Doc. 1] filed in the above captioned matter. The plaintiff's Motion [Doc. 9] is hereby **GRANTED**, in accordance with the following.

The *pro se* prisoner-plaintiff states that, on May 15, 2013, the Louisiana Third Circuit Court of Appeals remanded thirty-nine of the plaintiff's claims to the trial court for the Louisiana 30th Judicial District Court, while also ruling on a number of the plaintiff's claims.[1] The plaintiff's concern is that this action by the Third Circuit will likely result in two groups of claims, some of which will be exhausted earlier than others.[2]

On April 14, 2014, the plaintiff submitted a filing "requesting that [his] federal habeus [sic] corpus petition be held in abeyance and a stay be granted for same until other claims now pending adjudication in the state courts have reached final adjudication and exhaustion."[3] This strategy was apparently prompted by the fact that the plaintiff has only four days remaining in

---

[1] Compl. [Doc. 1], at 1.
[2] Compl. [Doc. 1], at 1.
[3] Compl. [Doc. 1], at 1.

1

the one year period in which to file a habeas petition, and, though the clock is not presently running while the plaintiff exhausts his claims in state court, his concern is that he will lose any opportunity to have his claims heard in federal court only four days after an order issues from a court concluding direct review.[4] The plaintiff acknowledges that the initial complaint set forth no actual allegations or claims for relief.[5]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes a one year statute of limitations for the filing of a habeas corpus petition in federal court. *See* 28 U.S.C. § 2244(d)(1).

> The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). The conclusion of direct review occurs when the United States Supreme Court denies a petition for certiorari, or rules on its merits. *See Tsolainos v. Cain*, 540 Fed. Appx. 394, 397 (5th Cir. 2013) (*citing Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)). Additionally, "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

---

[4] Compl. [Doc. 1], at 1.
[5] *See* Voluntary Mot. to Dismiss [Doc. 8], at 1 (stating that he "did not mean to file a federal petition").

Pursuant to the Supreme Court's holding in *Rose v. Lundy*, 455 U.S. 509 (1982), "federal district courts must dismiss 'mixed' habeas corpus petitions—those containing both exhausted and unexhausted claims."[6] *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (*citing Rose*, 455 U.S. 509). In *Pliler*, the Supreme Court noted that

> [t]he combined effect of *Rose* and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims—including those already exhausted—because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

*Pliler*, 542 U.S. at 230. The next year, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Court addressed a situation similar to the instant matter, noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Id.* at 275.

Discussing the Ninth Circuit's practice of addressing such mixed claims by employing a "stay-and-abeyance" procedure,[7] the Supreme Court in *Pliler* made it abundantly clear that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Id.* "[A] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure." *Id.* (*citing McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984)). Furthermore, the Supreme Court has held that the stay-and-abeyance procedure should only be employed in "limited circumstances . . . when the district court determines that there [is] good

---

[6] *See also* Compl. [Doc. 1], at 1 (where the plaintiff correctly states, "if I file a mixed petition, i.e. *Rose v. Lundy*, the court is apt to dismiss the federal habeas petition without prejudice to exhaust the unexhausted claims in the state courts").

[7] *See Pliler*, 542 U.S. at 230-31 (stating that
> The stay-and-abeyance procedure involves three steps: first, dismissal of any unexhausted claims from the original mixed habeas petition; second, a stay of the remaining claims, pending exhaustion of the dismissed unexhausted claims in state court; and third, amendment of the original petition to add the newly exhausted claims that then relate back to the original petition.)

cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

While the plaintiff's is certainly an understandable concern, it does not alleviate the exhaustion requirement. The plaintiff's complaint indicates that, at present, none of his claims appear to be exhausted.[8] Thus, even had the plaintiff not moved for voluntary dismissal, dismissal would nevertheless be appropriate for failure to exhaust state court remedies.

While the plaintiff's now limited window in which to file a petition for a writ of habeas corpus in federal court after the conclusion of direct review does present a challenge, the only immediately available remedy is for the plaintiff to be prepared to file quickly following the conclusion of direct review. District courts are not in a position to permit non-exhausted claims for habeas relief to persist in federal court as a matter of course, and be stayed pending exhaustion, as a result of a plaintiff's having let his one year time period dwindle down to only several days. See *Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012) (citations omitted) (stating that "a district court should dismiss an entire federal habeas application if the petitioner's state remedies have not been exhausted as to all claims raised in the federal petition").

As an additional note, the plaintiff has lamented repeatedly that he has not received an answer from the court on his procedural questions, questions which he alleges he has a "federal right" to have answered.[9] The Supreme Court has stated

> that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." See also *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out"). Explaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course. Requiring

---

[8] Compl. [Doc. 1], at 1 (stating that the first group of claims is "almost exhausted").
[9] Letter [Doc. 5], at 3.

district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers.

*Pliler*, 542 U.S. at 231. While it is generally the policy of the district courts in this circuit to grant a liberal construction to *pro se* complaints, as well as to hold *pro se* pleadings to less stringent standards than formal pleadings drafted by trained lawyers, *see, e.g., Payton v. United States*, 550 Fed. Appx. 194, 195 (5th Cir. 2013) (citations omitted), the district court is not the plaintiff's personal legal researcher.

Lastly, the plaintiff is cautioned that, in submitting future pleadings to this court, or any other, rudeness is seldom rewarded favorably.[10] Written demands to the court such as, "Answer this question,"[11] and sarcastic statements such as "can you read that?"[12] do little to engender good will towards a litigant. In any event, the court sees no reason at this time not to grant the plaintiff's request for voluntary dismissal. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Voluntary Dismissal [Doc. 9] be and hereby is **GRANTED**, and the above captioned matter is hereby **DISMISSED, WITHOUT PREJUDICE.**

Lake Charles, Louisiana, this 22nd day of July, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] *See, e.g.,* Voluntary Motion to Dismiss [Doc. 9] (stating, "I am withdrawing everything: Got That?").
[11] *See* Letter [Doc. 5], at 3.
[12] *See* Voluntary Motion to Dismiss [Doc. 9].